.10124

BIG SALKEHATCHIE CYPRESS CO. v. COLLETON CYPRESS CO.

(98 S. E. 131.)

INJUNCTION — PENDING TRIAL ON MERITS — "IRREPARABLE INJURY."—A trial on the merits being necessary to determine ownership of land and timber in question, plaintiff is entitled to an injunction restraining defendant from cutting and removing timber pending a trial on merits; it being "irreparable injury" to take one's property and put it into another's possession.

Before PEURIFOY, J., at chambers, Colleton, August 23, 1918. Reversed.

23—111

Action by the Big Salkehatchie Cypress Company, a corporation, against the Colleton Cypress Company, a corporation. From an order dissolving an interlocutory order of injunction, plaintiff appeals. Reversed, and supersedeas granted by a Justice of the Supreme Court, continued.

*Messrs. D. B. Peurifoy, L. D. Lide, Randolph Murdaugh* and *R. M. Jefferies,* for appellant. *Mr. Lide* cites: *As to the right of appellant to an injunction restraining defendant from cutting and removing the timber on the land in question, pending a trial on the merits:* 77 S. C. 81; 96 S. C. 53; 104 S. C. 381; 89 S. C. 143.

*Messrs. M. P. Howell, Padgett & Moorer,* for respondent. *Mr. Howell* submits: *The fact in the case at the bar are totally different from the facts in the Gresham case* (96 S. C. 53) *relied on by appellant. The question of dissolving an injunction upon the condition of the defendant's giving adequate protection by indemnity bond has been passed upon once in this State:* 8 S. C. 511.

January 21, 1919.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of his Honor, Judge Peurifoy, dissolving an interlocutory order of injunction granted by him. The primary question involved in the case as made by the exceptions is whether the plaintiff is entitled to an injunction restraining the defendant from cutting and removing timber on the land in question pending a trial on the merits. This point is raised by the first five exceptions of the appellant. These exceptions must be sustained. The allegations of the pleadings and evidence submitted at the hearing are such as necessitate a trial on the merits in order to determine the ownership of the land and timber in question, and it was the duty of the Circuit Court to preserve the *status quo* of the same until the true ownership can

be determined by the proper judicial tribunal.    Either party should be enjoined pending this determination.

The respondent had actual and constructive notice of appellant's title.    It is irreparable injury to take one's property and put it into another's possession.    All of the facts in this case show that it is a case for the Court to interfere and grant injunction until the case can be tried on the merits. These exceptions are sustained; the other exceptions are not considered.    The order of Judge Peurifoy is reversed, and order of supersedeas granted by a Justice of this Court is continued.

Reversed.

Messrs. Justices Hydrick, Fraser and Gage concur.

Mr. Chief Justice Gary did not sit.